Mr. Ervin kay                                  November 9, 2015
TDCJ #1331828
Darrington Unit
Rosharon, Tx.   77583


TEXAS COURT OF CRIMINAL APPEALS
ATTN: Court Clerk
P.O. Box 12308, Capitol Station
Austin, Tx.   78711


Re:   Cause   No. 83,710-01;    T.C. #    1028331-A:   1028332-A,
      Enclosed   "TRAVERSE" TO TRIAL COUNSEL'S RESPONSE,  IN  THE
      INTEREST OF JUSTICE AND JUDICIAL ECONOMY.


Dear Court Clerk:

Enclosed,  please   find   an   Original   Copy   of  Petitioner's
"TRAVERSE" to the  Trial  Counsel's response,  to be  presented
and  filed  before  the  Court.   Please  file  said  'Traverse'
before the Court,  having  the  appropriate Jurisdiction over the
same,  at  the  Court's earliest convenience.   By copy  of  this
letter and the  enclosed  'Traverse',  I am  forwarding  the same
to the Respondent: HARRIS COUNTY COURTHOUSE, 262nd  Judicial
District Court,  1201 Franklin, 15th Fl., Houston, Tx. 77002.
Your help in filing said 'traverse'  before the  Court,  having
the  appropriate Jurisdiction over  the  same,  at  the  Court's
earliest convenience, would be greatly appreciated.

Respectfully submitted,

Ervin Kay
Petitioner Pro Se
TDCJ #1331828


RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta. Clerk

Cause No. <u>1028331-A</u>; <u>1028332-A</u>
WRIT NO. <u>83,710-01</u>

---

| | | |
|---|---|---|
| Ex Parte | § | In The 262nd Judicial |
| | § | District Court Of |
| ERVIN KAY,<br>(Applicant) | § | Harris County, Texas |

---

### APPLICANT'S "TRAVERSE" TO ATTORNEY'S AFFIDAVIT AND RESPONSE IN THE INTEREST OF JUDICIAL ECONOMY

---

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE, that COMES NOW, ERVIN KAY, Applicant, Pro Se, in the above styled and numbered cause, files this his 'Traverse' to the Attorney's Affidavit, in good faith, and in the interest of justice. Applicant asserts due process would be best served by this Court entertaining the same, and in support thereof, your Applicant would present the following:

I.

**WRIT PROCEDURES**

That your Applicant advanced a Post-Trial Writ of Habeas Corpus, challenging the Constitutionality of his confinement, more than five (5) years ago, (2010). The Trial Court issued

forth an order 'Designating Issues' to be resolved on September 29, 2010. In light of the lengthy delay, your Applicant filed a 'Petition For Writ Of Mandamus', Cause No. 83,710-01, seeking to compel the Trial Court to resolve issues designated more than five (5) years ago. Petitioner sought to challenge the Constitutionality of his confinement on the grounds of 'Involuntary Plea' and 'Ineffective Assistance of Counsel.' On September 23, 2015, the Texas Court of Criminal Appeals issued forth an Order, holding the 'Mandamus In Abeyance' pending the Trial Court's response on its non-compliance with the strictures of Art. 11.07 Sec. C, V.A.C.C.P., compelling the Court to forward its response to the Higher Court in thirty-five (35) days.

On October 26, 2015, Trial Counsel, JEROME GCDINICH, Jr., filed his response to Petitioner's Writ, contending, inter alia, "I do not remember Mr. Kay," and relied on his 'usual' practices and procedures in 2005. Counsel concedes he was clearly cognizant of Applicant's mental health issues, and the 'medication' he was on at the time the Attorney induced the plea. Your Applicant asserts he was mentally ill, and suffered several disorders, such that, he was found [incompetent] to proceed as a result of a Psychiatric Evaluation. (See Appendix 1 & 2, annexed to the Writ). There was never any subsequent or independent Psychiatric Evaluation from any one in the Mental Health Science Community that made a determination whether or not Applicant was [now] 'competent' to grasp the magnitude of the plea and proceedings against

him. Moreover, Applicant was Psychiatrically diagnosed with suffering Anxiety, Schizophrenia, Depression and Suicidal tendencies, along with Insulin Dependent. Applicant was caused to take sedative and disorientative medication, which entailed ELAVIL; KLONOPIN; EFFEXOR; VICODIN and SEROQUEL. The doses were increased at the time of the plea. On Page three (3) of Applicant's Writ, the effects and mental impairment of the medication is highlighted on each Medication. Even on this date, (11/9/15), your Applicant cannot recall or comprehend the magnitude or consequences of the offense or the subsequent plea. Applicant was up a full three (3) days straight, on drugs, at the time of the offense, and in light of being delirious and in a altered state of consciousness, Applicant cannot recall the events of the offense. After being diagnosed subsequent to the offense, with the increase of sedative and disorientative medication, your Applicant was determined by members of the Mental Health Science Profession to be mentally incompetent to stand trial or to grasp the magnitude of the proceedings against him. There was never any subsequent testing to determine otherwise. No Attorney, worth their salt, would have coerced his Client to accept a Thirty-Five (35) year guilty plea, without any subsequent Psychiatric Evaluation after his client was previously diagnosed as 'incompetent', and with the knowledge of the effects of the tranquilizing, disorientative and delusional components of Psychotrophic Medication. Applicant asserts that 'science', as it relates to mental science and the mind's

effect on Psychotrophic Medication, combined with the fact there was never any subsequent 'approval' of 'competence' after a declaration of 'incompetence', contradicts Counsel's general denial and his general practices of 2005. In in fact it was Counsel's general or usual practice in 2005 to coerce his Client to accept a Thirty-Five (35)year guilty plea, with evidence of a clinically diagnosed determination of 'mental incompetence', combined with his client being on heavy dosage of Psychotrophic Medication which clearly alters one's mental state, and has a tranquilizing effect, then this Court should find Counsel ineffective, in breach of the 6th Amendment guarantee. Applicant asserts he would have never pleaded guilty and would have insisted upon Trial had he been competent enough to understand the proceedings and charges against him. Hill v. Lockhart. 106 S.Ct. 366, (1985), and its progeny. Applicant further asserts the knowing, voluntary and intelligent component of the guilty plea.

Applicant was sedated, incompetent and mentally impaired, in light of the heavy dosage of psychotrophic medication, to grasp the full magnitude and 'voluntary, intelligent and knowing component of the plea proceeding against him. Counsel knew or should have known a 'subsequent evaluation' from members of the Mental Health Care Profession was warranted before having his Client waive his right to Trial and plead guilty. Counsel's duties and the 6th Amendment guarantee warranted a 'competentcy' determination, after a clear diagnosis of 'incompetency'. Consequently, this Court should

determine Counsel's general denial of his alleged 'usual practices' demands further resolution and that there patently exist controverted, unresolved facts material to the legality of Applicant's confinement that warrants an 'Evidentiary Hearing' on the Merits, or a REVERSAL herein, in light of Ineffective Assistance of Counsel and Involuntary Plea, as argued, supra, and as argued in the Writ. Counsel's general denial and assertion of his 'usual practices' are contradicted by Science, as articulated in the Mental Health Science Profession, and the 6th Amendment guarantee to render 'effective' assistance of Counsel.

WHEREFORE, PREMISES, ARGUMENTS and AUTHORITIES CONSIDERED, your Applicant prays and respectfully urge for this Honorable Court to deny Counsel's general denials, in light of the above argument. Applicant prays this Court would find Merits to his claims and find the resulting conviction is Constitutionally infirmed. Applicant prays for an Evidentiary Hearing on the Merits of his Claim, or alternatively, a recommendation for REVERSAL, or any other, further or different relief this Court deem is just and proper, in the interest of justice. It is so prayed for.

Respectfully submitted,

ERVIN KAY
Applicant Pro Se
TDCJ #1331828
Darrington Unit
Rosharon, Tx. 77583

## AFFIDAVIT

PURSUANT TO TITLE 6, CHAPTER 132, V.T.C.A., CIVIL PRACTICE AND REMEDIES CODE, AND 28 U.S.C. § 1746:

I, ERVIN KAY, Petitioner, Pro Se, in the above styled and numbered cause, being currently confined in the Texas Department of Criminal Justice - Institutional Division, at the Darrington Unit, located here in Brazoria County, Texas, have read the foregoing "TRAVERSE TO TRIAL ATTORNEY'S AFFIDAVIT" seeking redress from this Constitutionally infirmed conviction, on a challenge to the 'voluntariness' of his plea, and Ineffective Counsel, have read the foregoing "Traverse" and hereby DEPOSE AND CECLARE under the pain and penalties of PERJURY the foregoing "TRAVERSE" is true and correct to the best of Petitioner's belief and knowledge.

EXECUTED ON THIS THE ___9th___ DAY OF ___November___, 2015.


ERVIN KAY
Petitioner Pro Se
TDCJ #1331828
Darrington Unit
Rosharcn, Tx. 77583

## CERTIFICATE OF SERVICE

I, ERVIN KAY, Petitioner, Pro Se, files this his "TRAVERSE TO COUNSEL'S AFFIDAVIT", in good faith, and in the interest of justice, seeking redress against a Constitutionally infirmed conviction, hereby CERTIFY that a true and correct legible copy of the foregoing "TRAVERSE" was forwarded and served on the below named and listed parties by placing the same in the United States Mail, in a wrapper, with pre-paid postage affixed thereto, on this the 9th day of November, 2015.

1. TEXAS COURT OF CRIMINAL APPEALS
   Attn: Court Clerk
   P.O. Box 12308, Capitol Station
   Austin, Tx. 78711

2. HARRIS COUNTY COURTHOUSE
   262nd Judicial District Court
   Attn: Court Clerk
   1201 Franklin, St., 15th Fl.,
   Houston, Tx. 77002

ERVIN KAY
Petitioner Pro Se
TDCJ #1331828
Darrington Unit
Rosharon, Tx. 77583